[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
CT Page 11760
This matter comes before the court as an application for a temporary injunction sought by the Plaintiff, American International Forwarding, Incorporated to prevent the Defendant, Murphy Moving and Storage, Incorporated, from refusing to release certain personal property of Mr. Simon Paterno, which personal property was placed in storage at Gardella Moving and Storage, Incorporated, on or about October 22, 1991 by the Plaintiff and which personal property was subsequently delivered to the Defendant, Murphy Moving and Storage, Incorporated, by the said Gardella Moving and Storage, Incorporated.
The Plaintiff alleges that, in an attempt to obtain the release from storage of the personal property of Simon Paterno, it has tendered the sum of $2,920.42 to the Defendant, which amount represents the total amount due on account of storage and other fees and costs in this matter, but that the Defendant has refused to accept said payment and release the said personal property. The Plaintiff asserts, inter alia, that the continued refusal of the Defendant to release the said personal property will cause the Plaintiff irreparable injury and that the Plaintiff has no adequate remedy at law.
Temporary injunctions are authorized by Section 52-471 of the Connecticut General Statutes 52-471. A line of Connecticut case law sets the standard for the circumstances under which a temporary injunction may issue. Those cases hold that a person seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. Moreover, the "competing interests" of the parties must be evaluated, and the relief granted must be "compatible with the equities of the of the case" Dukes v. Durante, 192 Conn. 207 225,471 A.2d 1368 (1984).
A simple review of Plaintiff's Exhibit #2 in this matter leads this Court to conclude that the plaintiff has sustained its burden in this matter. The items set forth on Exhibit #2 are items of property personal to the Plaintiff's client, Mr. Paterno. The items listed include items of furniture, electronic equipment and a "painting". The items were placed in storage with the presumed expectation that they would be returned to their rightful owner at some point. The plaintiff now seeks to have those items retrieved from storage and returned to the rightful owner. The plaintiff has tendered the fees due on account of the CT Page 11761 storage of the items but the defendant has failed and refused, without apparent justification, to accept such payment and return the personal property.
The evidence presented at the hearing in this matter suggests that this is a simple matter in dispute. There can be little question that the Plaintiff will prevail on the merits. Given the nature of the items stored by the defendant, the failure to return said items to the Plaintiff will result in irreparable injury to the Plaintiff. Considering also the personal nature of the property stored, it is unlikely that any remedy at law, such a simple claim for damages, would be an appropriate remedy. Finally, the Defendant can find no relief in a balancing of the equities in this matter as no justification has been asserted for the continued refusal to release the said personal property from storage.
Accordingly, the application for a temporary injunction is granted. In accordance with the requirements of C.G.S. 52-472, bond is set in the amount of $2,500.00.
BY THE COURT
CARROLL, J.